UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO.  5:11 CR 343** |
| | ) | **5:14 CV 893** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Deon Davis,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

This matter is before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 68). For the reasons that follow, the motion is DENIED.

## FACTS

On August 2, 2011, a grand jury returned a three count indictment against defendant for his role in an armed bank robbery. Count one charged defendant with armed bank robbery and count two charged him with "using, carrying, and brandishing" a firearm during an armed bank

1

robbery. Thereafter, on March 8, 2012, this court sentenced defendant to 37 months of incarceration on count one and 84 months of incarceration on count two to be run consecutively. Defendant, therefore, received a total sentence of 121 months in custody. Defendant now moves to vacate, set aside, or correct his sentence and the government opposes the motion.

## **ANALYSIS**

Defendant argues that counsel was ineffective for failing to argue that defendant did not "brandish" a firearm. According to defendant, the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) requires a jury to determine whether the defendant "brandished" a firearm. In response, the government argues that *Alleyne* is inapplicable to this case because defendant admitted that he brandished a weapon. Therefore, his counsel was not deficient in failing to object on that basis.

Upon review, the Court agrees with the government. In *Alleyne*, the Supreme Court determined that judicial factfinding that enhances statutory minimums is prohibited. In *United States v. Yancy*, 725 F.3d 596 (6th Cir. 2013), the Sixth Circuit addressed the rule announced in *Alleyne*. *Yancy* involved a defendant who was charged with "using or carrying" a firearm. There was no specific allegation that defendant "brandished" a firearm. Section 924(c)(1)(A)(ii) carries a seven-year minimum sentence if the firearm is "brandished." The defendant argued that enhancement of the minimum sentence constituted prohibited judicial factfinding because the government never charged him with "brandishing" a firearm. The Sixth Circuit rejected the argument because the defendant plead guilty and acknowledged in his plea agreement that during the course of the crime he had "brandished" a firearm. And, defendant had been apprised by the court of the potential effects on his sentence.

Here, like in *Yancy*, defendant entered into a plea agreement specifically acknowledging that he "brandished" a firearm during the commission of the armed bank robbery. (See, Plea Agreement at ¶ 21a.) Moreover, in this case, the government expressly charged defendant with "brandishing" a firearm. Thus, no violation of *Alleyne* occurred. Therefore, defendant suffered no prejudice as a result of counsel's performance.[1]

### **CERTIFICATE OF APPEALABILITY**

Upon review, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

---

[1] In his reply brief, defendant argues for the first time that his plea was not entered into "knowingly, voluntarily, and intelligently" because, among other things, he was never "apprised of the rights to which he was waiving or even the essential elements of the offense to which he was waiving...." As an initial matter, these arguments are not contained in defendant's motion and, as such, they are not properly raised for the first time in a reply brief. Regardless, even a cursory review of the plea colloquy in this case belies any argument that petitioner's plea was not made "knowingly, voluntarily, and intelligently." Therefore, the argument is rejected.

3

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, defendant's claim that his guilty plea was invalid due to ineffective assistance of counsel has no merit. As such, he has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

### **CONCLUSION**

For the foregoing reasons, defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 68) is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 7/7/14        United States District Judge